BARTLEY ET AL. *v.* BURGER.

[No. 12,259. Filed November 17, 1925.]

1. MASTER AND SERVANT.—*Loss of use of a leg below the knee not compensable. under clauses "b" and "c" of §31 of Workmen's Compensation Act; the injury must result in loss of use .of entire leg.*—The schedule of compensable injuries to a leg as set out in clauses "b" and "c" of §31 of the Workmen's Compensation Act (§9476 Burns 1926, §8020o1 Burns' Supp. 1921, Acts 1919 p. 158) does not include either the permanent total or the permanent partial loss of the use of a leg below the knee; in order to be compensable under these clauses, the injury must result in a permanent loss, total or partial, of the leg as a whole.   p. 619.

2. MASTER AND SERVANT.—*Erroneous use of word "leg" for "foot" in Industrial Board's finding cannot be corrected on employer's appeal from subsequent finding that employee's condition had not changed and ordering resumption of payments under original award.*—Error in the use of the word "leg" instead of "foot" in a finding of the Industrial Board on which award was based cannot be corrected in employer's appeal from a subsequent finding of the board that there had been no change

in an injured employee's condition since the award was made and ordering employer to resume payments thereunder. p. 619.

3. MASTER AND SERVANT.—*Error in basing, award on inability to work instead of on percentage of impairment held not cause for reversing Industrial Board's finding that there had been no change in employee's condition and ordering resumption of payments under original award.*—That award of compensation was erroneously based on inability to work instead of on percentage of impairment by injury would not require reversal of finding that there had been no change in employee's condition since the award and ordering resumption of payments thereunder, although it might have been sufficient reason for reversing the original award. p. 620.

4. MASTER AND SERVANT.—*Appellate Court cannot say Industrial Board erred in finding no change in extent of impairment since award, in absence of finding, of per cent. of impairment made on original hearing.*—In the absence of a finding on original hearing of the per cent. of impairment by an injury to a leg, the Appellate Court cannot say from the evidence introduced on employer's application for review of award on the ground of diminished disability that Industrial Board erred in finding that there had been no change in the degree or extent of impairment. p. 620.

5. MASTER AND SERVANT.—*Evidence held sufficient to sustain Industrial Board's refusal to modify award on ground that employee's condition had improved since the award.*—Evidence *held* to sustain Industrial Board's refusal to modify award on ground that there had been no material change in injured employee's condition since award was made. p. 621.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by John A. Burger against Charles H. Bartley and others. An award was made to the claimant and defendants thereafter filed an application for review because of changed condition. From Industrial Board's refusal to modify the award, the defendants appeal. *Affirmed.* By the court in banc.

*John Rynerson,* for appellants.

*Horace M. Kean* and *Silas T. Kuiken,* for appellee.

MCMAHAN, J.—Appellee, having been injured in an accident arising out of and in the course of his employ-

ment by appellants, filed his application for compensation. After a hearing before a single member of the Industrial Board, it was found that appellee's injury had resulted in the loss of fifty per cent. of the use of his left leg below the knee and an award of $13.20 per week, beginning August 21, 1923, was made for seventy-five weeks. Without appealing to the full board, appellants paid the compensation according to that award, and on the next day, March 22, 1924, filed an application for review on account of a change in condition, in that, appellee's "disability" had diminished since the date of the award, that it had ended, and that his injury had resulted in a "permanent partial impairment." The full board, on review of the award of a single member, found there had been no change in appellee's condition and appellants were ordered to resume compensation payments from March 22, 1924, according to the terms of the award of March 21, 1924. Appellants appeal and contend that the award of the full board is not sustained by sufficient evidence.

Appellants call attention to the fact that the award of March 21, is based upon a finding that appellee had permanently lost fifty per cent. of the use of his left leg *below the knee,* and insist that whatever compensation appellee is entitled to receive must, under the evidence, be on the basis of a permanent partial impairment, and that there is no finding that appellee has suffered a permanent partial impairment.

There is some confusion in the record as to the provision of the Workmen's Compensation Act the member of the board had in mind when he made the original award. Section 31 of that act provides for compensation for the injuries therein designated. Without setting out all of the provisions of this section, it is sufficient to say that clause "a" covers losses by separation, and, among other losses, provides that for the loss

"of the foot below the knee joint," compensation shall be for one hundred fifty weeks, and for the loss "of the leg above the knee joint," two hundred weeks. Clause "b" provides that the total permanent loss of the use of certain members, including a foot and leg, shall be construed as the equivalent of loss by separation, and that compensation shall be paid for the same period as for loss by separation. Clause "c" covers partial loss of use of "an arm, hand, thumb, finger, leg, foot, toe, or phalange," and that compensation shall be paid for the proportionate loss of the use of such members. Provision having been made for certain designated permanent partial impairments, clause "h" provides that: "In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the Industrial Board, not exceeding five hundred weeks" shall be awarded. §9476 Burns 1926, Acts 1919 p. 158.

The schedule of compensable injuries to a leg as set out in clauses "b" and "c," *supra,* does not include either the permanent total or the permanent partial loss 1, 2. of the use of a *leg below the knee.* The injury to a leg in order to be compensable under these clauses must result in a permanent loss of the use of the leg as a whole. That loss may be either total or partial. If there is a total permanent loss of the use of a foot, the award must be for one hundred fifty weeks. If there is a permanent partial loss of the use of a foot, then the compensation, under clause "c," must be for the proportionate loss of the use of the foot. The same rule applies when there is a permanent loss of the use of a leg. If the loss is total, the award should be for two hundred weeks compensation. If partial, it should be proportionate to the compensation for a total loss of use. It may be that the single member of the board in his finding of facts inadvertently used the word "leg"

instead of the word "foot." That error, however, cannot be reached in this appeal.

Referring to the evidence introduced on the original hearing and to the finding on which the original award was made, it is clear that the award should have 3. been made under clause "h." It seems that appellants assume such award was made under clause "c." This, we presume, is because it was based upon a finding that there was a permanent partial loss of the use of the leg below the knee. That injury, however, is included only in clause "h." Appellants contend that, under the evidence, appellee's injury consists of a permanent partial impairment, that the controversy is narrowed down to the percentage of such impairment, and that the Industrial Board fell into an error and awarded compensation based upon inability to work, instead of upon the percentage of impairment. This, if true, would be no cause for reversing the action of the board in finding that there had been no change in appellee's condition and in refusing to modify the original award. It might have been sufficient reason for reversing the original award, a question not now before us and on which we express no opinion.

The finding on which the original award was based does not state the per cent. of appellee's impairment at that time. In fact, there is no finding that he 4. suffered an impairment, and the evidence given at that hearing is not such that we can say to a certainty what the degree or extent of the impairment at that time was. This being true, we cannot say from the evidence introduced on the application for review that the board erred in finding there had been no change in the degree of his impairment.

Appellants' witnesses testifying on the last hearing before a single member of the board on October 30,

1924, testified, in effect, that appellee was disabled very little, if any, from the injury received. One of these witnesses said his "disability" would not exceed five per cent., while another said the "impairment" to the leg below the knee would not exceed ten per cent., a large part of which was due to non-use. Another placed such impairment at not to exceed eleven per cent, one-half of which was due to non-use. This witness said the tendons adhered to the bone so as to interfere some with the use of the foot; that the foot was not in condition for him to do the work of a log cutter successfully, that being the work in which he was engaged when injured. That there was a failure of extension and flexion of forty-five to fifty per cent., which he did not think was permanent, and that appellee would have a permanent impairment of about five per cent. All of appellants' witnesses, except one, who testified as to the extent of the injury said it would be greater than they had stated if his foot and leg had been swollen and discharging pus as some of appellee's witnesses testified. Several of appellee's witnesses testified that a short time before the hearing, appellee's leg or foot was swollen, that the wound had broken out recently, and had been discharging pus and blood. If these witnesses were to be believed, appellee's condition concededly was more serious than appellants' witnesses had testified, and was sufficient to justify a finding that there was no material change in appellee's condition since the first award. We have carefully read the evidence, not only as set out in the briefs, but as set out in the record, and we are of the opinion that it is sufficient to sustain the action of the board in refusing to modify the award.

The award is affirmed.